Good morning. We're pleased this morning to have our colleague Judge Ann Conway from the Middle District of Florida here to assist us today and Friday. Judge Conway has had a distinguished career on the federal bench, and this is not the first time that she has assisted us with our oral argument calendar, although it's been a couple of years. And we're grateful that she's willing to help us again. The senior judges of our judiciary shoulder about 20% of the workload of the federal judiciary. We would be in a lot of trouble if it weren't for those judges who literally work for free, a great bargain. They don't have to do anything. They're entitled to the pay for the rest of their life, whether they work or not. But because of their devotion to the Constitution and our country, and particularly the mission of the federal judiciary, they come back and help us. And I hope the bar understands that and appreciates that. We are familiar with your cases, counsel. We've got four to hear this morning. We've read your briefs, the authority cited in your briefs, at least portions of the record. You don't have a lot of time this morning, and we probably have some questions. So get straight to the heart of the argument that you want to leave us with today. Everything you really wanted to say should be in your brief, but we have some questions for you. Be mindful of the traffic lights. When the red light shines, it's time to stop. If you're answering a question from one of us, you can finish your answer, but do be respectful of our time. We're going to begin this morning with United States v. Rogers. Mr. Hernandez. Good morning, H. Manuel Hernandez on behalf of Ms. Rogers. In a nutshell, this is a case involving a postal employee who was accused of stealing mail and tampering with the mail, and she chose to go to a bench trial before the district court. And the issue, and the only issue, is the question of whether the court's various comments and references to the fact that Ms. Rogers chose to exercise her Fifth Amendment right to remain silent and not testify, to not present evidence. Well, you know, I've read the transcript carefully to understand what Judge Rogers was saying, and let's talk about it a little bit, okay? So, your real argument is that Judge Rogers held your client's refusal to testify against her, her decision not to testify. And if that were true, that would be a violation of your client's constitutional right, but I'm not sure that is true. So, as I understand it, first of all, Judge Rogers, right, told your client that she had a right to testify or not to testify, and that was her decision, not her lawyer's decision. It was totally her decision, right? Yes, and basically, Your Honor, I think there are what I would call three smoking guns that the court needs to consider here. Okay. And that's one of them, certainly. Well, that's not a smoking gun, it seems to me. That undercuts your argument. Well, I would respectfully disagree when you consider all three in the full context of the trial, and again, the fact that it was a bench trial and it was the judge. I just think the trial judge, Judge Rogers, just— Well, here's the thing. So, at one point, Judge Rogers says, and I think this kind of gets to the heart of where your argument is, is that Judge Rogers says, your client did not testify as a witness, and so the only evidence that I have as to the circumstances of that interview come from Agent Beck, right? And had a prosecutor said that in a jury trial, that would have been an automatic motion for mistrial, and I think it would have been—it would have possibly been granted. It was an objection to that, so counsel said, defense counsel said, respectfully requested that the court not take her silence as an admission of guilt in any way, shape, or form, to which then, Judge Rogers said, I didn't say that. I just said, I can only—your argument to me is not evidence. That's true, right? It's not evidence. Absolutely. So, the evidence is what the evidence is that came into the record, and so I'm just pointing out that I don't have another side of that story. I have Agent Beck. His side will have to be enough to convince me. Your argument doesn't carry enough weight to convince me otherwise. In other words, if I accept your argument, then I suppose I would find that it was coercive, but also have to have facts to tell me it was coerced. I have to be able to base my decision on the evidence, not just your argument. That seems to be a correct statement. What do you say? It absolutely is a correct statement, and I understand what you're saying. However, in the context of a criminal trial where a defendant has a right not to testify, and neither the prosecutor or the judge is supposed to be talking about the fact that the defendant didn't testify, and she said it. There are, again, the three smoking guns with the Rule 29 argument where she actually says, you know, your client didn't testify. She could have focused on ... Well, there's no way for a trial judge in a bench trial to have avoided entirely talking about this subject, right? She could have said ... I mean, what I mentioned first, the trial judge had to make sure that your client understood her right to not testify, right? And that, again, yes, Your Honor, and that, again, to me is the worst of the smoking guns in terms of what the judge did. I've been to many trials, and I've seen many judges do it, and it's usually a question of, you know, do you want to testify? You're not going to testify. That's your decision. You've talked to your lawyer. Here, I believe the trial judge went a little bit further and was basically telling her, you know, you have an absolute right to testify. If you don't want to testify, you don't have to testify, but that's your decision, not your attorney's decision, and that's correct in terms of the law, but it's almost, when you read it, what a reasonable ... If it were being made in front of a jury, and I would submit, you know, the argument here in front of this court with this record is that the judge is almost telling the defendant, ignore your lawyer. Ignore your lawyer's advice. Now, she said, as a matter of fact, they were talking ... Well, I don't ... I mean, that's a pretty ... That's a stretch. It would be one thing if the court ... Or maybe you can identify any language from the court that also suggests the court is saying you should testify. It sounds to me, and perhaps being overly cautious, it's in line of avoiding an ineffective assistance of counsel claim on the ground that my lawyer did not properly inform me of my right to testify. Well, again, Your Honor, the court, the judge, or the panel is obviously going to look at the record as you see fit, and as you see ... Well, no, I'm asking you specifically, what language are you pointing to to suggest the district court went beyond that general advice, that it was instead suggesting that Ms. Rogers should testify? Well, the language, and I quoted it at page 17 of my brief, where she's talking to her about the right to testify. Ms. Rogers, you also have a right not to testify. If you don't, that's something I'm going to consider. It's something I'm going to consider in any way in deciding the ultimate issue. That's not something I'm going to consider. I'm sorry. I'm sorry. That's what I thought it said, but okay. Yeah. I couldn't see the ... Not something I'm going to consider, but if you want to testify, that's your decision. It's not Mr. Rodriguez's. That's where I think the judge went a little too far. And then it goes on to say, he can certainly give you his professional advice about that, but at the end of the day, it's your decision about whether or not to take the stand and testify. And if you do elect to testify, then obviously you'd be subject to cross-examination on the ... She's urging your client to testify. And then it says, and the court would consider your testimony as I do any other witness's testimony. So go ahead, Mr. Rodriguez, and complete your discussion with her. That's the whole context, right? The context is that he's talking to her, advising her. She's interrupting him to basically give this, make the record supposedly. And once again, I respectfully submit, I believe the judge just went a bit too far in how she said it. Well, maybe, okay. We talked about the first. I think if anything, perhaps the second comment related to the evidence that your client did or did not introduce in the court's focus on your client not testifying perhaps could be problematic. Can you talk about why you believe that comment is problematic and crosses the line? Well, again, as part of those three, what I call the smoking guns, in the Rule 29 argument, she specifically says your client didn't testify. That's a fact, right? Yes, Your Honor, but defendants don't testify all the time. Yeah, but here's what she says. Tell me if I'm reading it correctly, the transcript. After the government's presentation of evidence, Rogers moved for a judgment of acquittal on the charge of embezzlement, see Federal Rule of Criminal Procedure 29, which the court denied for reasons stated in open court. Rogers then rested her case, having presented no witnesses and only one exhibit consisting of the acknowledgement of rights form on which Special Agent Beck had made a handwritten notation that Rogers refused to sign the form, but it acknowledged that she understood her rights. Defense counsel argued in closing that Rogers' oral and written statements during the interview with Special Agents on August 30, 2022 were not voluntary. All she's doing is recounting what happened, right? The reality is in a normal situation, you have a jury trial, you get a verdict, and you wouldn't get... Yeah, but your client elected to have a bench trial. Yes, Your Honor. I don't think what happens in a jury trial is all that helpful. Well, I understand that. I'm trying to explain here you have a bench trial, so you have a judge writing an order, and the argument is the judge just went a little too far. And when you look in the full context, beginning with specifically saying in open court during the trial, your client didn't testify. Yes, that's true, but clients don't testify all the time. If an assistant U.S. attorney gets up and argues that, that would be prosecutorial misconduct. Yes. So the judge saying it, and the judge is the trier of fact, I would respectfully submit that's an issue. I go back to two things. I go back to the initial colloquy that we talked about where the judge is telling your client, look, this is your decision. You have a right not to testify. All a correct understanding of law, as I understand it. Later, when the court says, you know, look, the only evidence I have is Agent Beck's testimony about this interview. That's the only evidence I have about the interview. And defense counsel says, no, I ask that you not take her silence as an admission of guilt in any way, shape, or form. And the court says, oh, no, I'm not saying that, and explains, provides what I think is a correct statement of the law. Given the whole context of this, don't we have some obligation to be, to read this record as the court understands the law? I don't have any doubt that the court understood the law. Again, I respectfully submit that she just went a little bit too far in pushing the issue of the fact, and commenting on it. Well, I realize you've lost some time. Why don't we talk about the sufficiency of the evidence, assuming we agree with you, which I'm not saying the court does. But if we agree with you, why isn't this not harmless, given the overwhelming evidence against your client? Because it was a bench trial, and the trial, in fact, is making all this emphasis on the fact that she didn't testify. If I may, I know my time is about to run out. The government side of the case, U.S. v. Garcia at 13 Feb. 3, 1464, in which they were doing an analogy to prosecutorial comments on silence of defendants, and kind of comparing it when a judge makes the statement. And in that language, I would respectfully submit, I think it's very important as to this context here, is whether the statement was manifestly intended to comment on the defendant's silence, or was of such a character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. I respectfully submit, when you look at the whole context and the various statements, those three smoking guns that I spoke of. Before you sit down, Mr. Hernandez, what I would suggest you think about, as you hear from your adversary, we can talk about this when you come back, I understand that when the court makes comments, or a prosecutor makes comments about a defendant's refusal to testify in front of a jury, that's one thing. But when a court who understands the law is conducting a bench trial, and just recounts the fact that the defendant did not testify, it seems to me those are two very different things. Yes, Your Honor, I don't disagree. I just think the opposite, I guess, of obviously what the court thinks in terms of, I think the court has to be extra careful to make sure that, you know, it's concrete. You saved some time for rebuttal. Let's hear from Ms. Acosta. Thank you. Ms. Acosta, Assistant U.S. Attorney on behalf of the Appellee, the United States. Good morning. May it please the court. The district court did not improperly comment on Ms. Rogers' failure to testify, nor did the district court improperly rely on Ms. Rogers' silence in rendering its written verdict. Even if there was any error, that error would be harmless based on the compelling, substantial evidence in this case. There was no constitutional violation whatsoever. Let's start with the second comment. Let's start with the first comment, because again, my read of it, one interpretation, it had to do with making sure Ms. Rogers understood her rights. But at some point, the conversation continues. Why was it not enough for the court to just say, you understand you have the right to testify? Ms. Rogers says, yes, end of conversation. Thank you, Your Honor. So, I think first and foremost, we should consider the fact that Judge Rogers is a well-experienced judge. She's been a district court judge for over 20 years. She knows the law, and certainly she demonstrated during the trial that she knows the law. During that colloquy, if you will, Judge Rogers was ensuring that Ms. Rogers understood that she has a constitutional right to testify, and that choice was hers. So, Judge Rogers was merely making sure that Ms. Rogers understood she was well-informed prior to her making that decision. That is it. There's nothing more. So, your point is, to the extent that the court said more, it was only to benefit Ms. Rogers and to be respectful of her rights. Certainly. Yes, Your Honor. And if you recall, Judge Rogers specifically said, if you choose, and it's not verbatim, but if you choose not to testify, that will not be used against you in any way in my determination of the issue of guilt. So, again, Judge Rogers is confusing because we have a Defendant Rogers and we have Judge Rogers. And then we go to the second statement where the court specifically references Ms. Rogers' decision, not failure, but decision not to testify as reasons why there's no other evidence to support her side. Yes, Your Honor. Absolutely. So, again, looking at the full context, and when you look at the full context, you also look at the backdrop, which is the discussion about the decision of whether or not to testify. And in the circumstances surrounding that discussion, I believe that was a discussion where the defense attorney had criticized the failure to record the statement, the interview. And the district court judge stated, certainly that's a factor. However, that does not mean that's the end of the discussion. That does not mean that the interview didn't take place or that the interview was coercive. And then the district court went on to say, yes, your client did not testify as a witness. And so the only evidence that I have as to the circumstances of that interview came from Agent Beck, which is true. The point the prosecutor's making or the judge is making is that if you're arguing this was a coercive interview, all I've got is the agent's testimony about the interview. So if I'm, you've got to convince me, based on the facts surrounding that, whatever evidence is in the record, that that leads to an inference of coercion. Because that's all I've got. You could say it's coercive, but I've got to base that somehow on evidence. And the only evidence I have is this. And Agent Beck's testimony was that he did not in any way influence what Ms. Rogers said, either verbally or in the written statement. And the written statement, the written statement is consistent with the summary of the verbal statement. There's no indication that Ms. Rogers' statement. And it's entirely possible Judge Rogers could have looked the agent in the eye, considered it because it's the only evidence that she has, and said, you know, I disbelieve him. You know, just watching his demeanor, he does not convince me that she, in fact, said that. But she would be basing that on his testimony and his demeanor, right? Which would be evidence, exactly. But here, Judge Rogers found that the witness testimony was credible. And there was no evidence to the contrary. So again, Judge Rogers was merely emphasizing, your argument is great. However, I need evidence to support the argument. The argument is not enough. And there's nothing improper about that whatsoever. And... Well, whatsoever, because as you said, Judge Rogers is such an experienced, sophisticated jurist, as opposed to those comments being made in front of a jury. Yes, Your Honor. And when I say whatsoever, I mean whatsoever, given the context, the full context here. Again, you have Judge Rogers' experience, and you have the record, where Judge Rogers, again, explicitly states, I'm not going to use that against you if you decide not to testify. And Judge Rogers went on to... Yeah, now, you know, it might be that the court would have to be more careful about what the court says in the presence of a jury, right? Absolutely. Yes, certainly. And a prosecutor would not say that. One of the probably most fearful things that I can recall when I first started out, about 30 years ago, was making a mistake like that and saying something like that. But again, looking at the full context here, that's not what you have whatsoever. And, Your Honor, if the... If you all don't have any further questions, I will... I don't... Thank you. I'll conclude and ask that you all affirm the judgment. Thank you. Thank you, Ms. Acosta. Mr. Hernandez, you saved three minutes. These oral arguments are recorded, Judge, and I would ask you to go back and your statement, as you were trying to explain it, you explained it perfectly. It could be in a textbook of how to explain it. The explanation is, you're asking me to throw out this statement that she made because it was coerced and involuntary, but the only evidence I have is the agent's testimony. And that's it. But she went further, and she said, your client did not testify, okay? And that... That's a fact. That's true. Yes. It's a fact, and it's a fact that happens in criminal trials all the time, and it's just something that's not supposed to happen. And again, the question here, I guess, is where this court will set the bar for judges trying the case. Right. And I would respectfully submit that here the judge ran afoul of the law, and she was the trier of fact. And, and I... I get the sense from reading the transcript, I wasn't there, that she wanted Ms. Rodgers to testify. What she expected Ms. Rodgers to say, or how that was going to make a difference... Well, wasn't that colloquy pretty typical? Maybe... Number one, you need to make sure that the defendant knows whose decision it is. And number two, you need to make sure it's not coerced by the lawyer, that she really does know whether or not... Not all trial lawyers are like you are, Mr. Hernandez. Well, thank you, Judge. I didn't get that sense from the record, and it frankly didn't occur to me the idea that Judge Rodgers was thinking that somehow or another Ms. Rodgers had been coerced. It happens all the time. I don't recall ever hearing a judge you know, saying to a defendant, it's your decision, you know, and not your lawyers. You know, you listen to... I say that every single time, that you need to... It's your decision, and you need to listen to your lawyer's advice, but the bottom line is it's your decision. I've read lots of transcripts of other judges that say that to you. And I've traded cases in front of Are you avoiding the harmless error question I asked you, because you're either arguing structural error, or you are conceding that if we disagree with you, or that there's... I guess, what is your position? Because in your brief, you argue that such error is not harmless, but you haven't told me what was insufficient about the evidence. I believe in the brief, what I argue is it's not harmless, you know, for the exact opposite of what the panel is saying, because it was a bench trial, and the trier of fact was the judge. And so, whatever the evidence was, there's no argument here on sufficiency of the evidence. So, that's why I'm not arguing it, Judge. However, the fact that it was a bench trial, and in the full context of the judge making these many statements and the I think the line was crossed, and that the case should be reversed and remanded for a new trial. Thank you very much. Mr. Hernandez, I know you were court appointed, and I want to thank you for accepting the appointment and discharging your duty here today. Thank you. I appreciate the court's trust. Thank you. We're going to move to the second case.